[Civ. No. 4243. First Appellate District, Division One.—November 22, 1922.]

C. S. HOUGHTON, Respondent, v. H. A. KLEUGEL, Appellant.

[1] CONTRACTS — COMPROMISE OF DISPUTE BETWEEN EMPLOYER AND THIRD PARTY — REFUND OF SALARY — CONSIDERATION.— Defendant having telegraphed his employer (plaintiff's assignor), who had been engaged to prepare a report for a certain public utilities commission, that the commission was willing to allow the latter's claim for only a portion of the sum asked in a statement that had been presented by defendant, and defendant having stated therein that he would refund the salary he had received from plaintiff's assignor in connection with the work, that telegram and the telegraphic reply of the latter to make the best settlement possible with the commission constituted a written contract, based upon a sufficient consideration, which bound defendant to make the repayment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. R. Moulthrop for Appellant.

Courtney L. Moore for Respondent.

THE COURT.—This appeal is from a judgment in the plaintiff's favor in an action to recover the sum of $1,500 upon a written contract alleged to have been made between the defendant and one Shirley Houghton, by the terms of which the defendant agreed to pay to the latter, said sum. The plaintiff sues upon such assigned contract. The defendant denies the existence of any such contract or obligation. He also pleads that any such contract or agreement, if shown to exist, was wholly without consideration moving to said defendant. He further pleads the bar of the statute of limitations against the plaintiff's alleged cause of action. The case was tried upon an agreed statement of facts supplemented by some oral testimony of minor importance.

The following, briefly summarized, are the undisputed facts of the case.

During the year 1916 Shirley Houghton, who was apparently a consulting engineer in construction work, with his office in San Francisco, California, had been engaged in the preparation of a certain report for the use of the public utilities commission of the city of Denver. The defendant, Kluegel, was also an engineer and was at the time an employee of said Shirley Houghton and his representative in Denver, under a salary, in connection with the preparation of said report and in the adjustment of the compensation to be allowed and provided for in the budget of said commission. Difficulties having arisen before the commission as to the amount of such compensation, Kluegel, on the 29th of December, 1916, sent from Denver to Shirley Houghton in San Francisco the following telegram:

"1916 Dec 29

"Denver Colo
    "Shirley Houghton
        "Hooker & Lent Bldg., San Francisco, Calif.

"Refer Nyes night letter. Last conference today. Presented statement for 8886 dollars from Sept. first. Deductions made 5049 include Wilhelm, your last two trips, Nyes two bills and practically everything since Oct fifth, making net allowed and for which they will issue warrant 3837 plus fee. Everything done under Nyes direction. Urge you accept this recommendation. Do not believe your presence would alter situation. Will refund my salary in above amounting to 1500. Speer will not include warrant in budget, but will take up matter after Jan. first in the line our talk Marsh. I could attend same after returning New York or Nye. Answer so if you agree present basis I can get warrant this week. Mailing copy report tomorrow.

"H. A. KLUEGEL."

The foregoing telegram had been preceded by certain other telegrams between the parties during the few days prior to December 29th from which it appeared that a good deal of doubt existed as to the allowance by the commission of the full amount of Shirley Houghton's claims for compensation for the labor and expense incurred by him in the preparation of said report, with the prospect of much delay and protracted litigation. As a result of these conditions

and upon the receipt of the above-quoted telegram, Shirley Houghton, on December 29, 1916, sent to Kluegel at Denver the following reply to his aforesaid telegram:

                                        "San Francisco, Dec. 29, 1916.
"H. A. Klugel,
    "Century Building,
        "Denver, Colo.
    "Your wire. Make best settlement possible with Commission.
                                        "SHIRLEY HOUGHTON."

Upon the receipt of this telegram Kluegel went before the public utilities commission of Denver and continued his negotiations for a settlement of Houghton's claim, but was unable to procure other or better terms than those embraced in his aforesaid telegram, and he finally made a settlement upon said terms. Thereupon and on January 3, 1917, he sent a telegram to Shirley Houghton, stating: "Settlement made approximately as per my last wire and warrant received duly registered." Later he declined to repay Shirley Houghton the sum of $1,500 referred to in his telegram, whereupon the present action was instituted by the plaintiff as said Houghton's assignee. The trial court rendered judgment in the plaintiff's favor upon findings to the effect that the foregoing telegrams between the defendant and plaintiff's assignor constituted a written contract by which the defendant bound himself to the repayment to Shirley Houghton or his assignee of the sum of $1,500 theretofore received by him as salary for his services as an engineer, which services had apparently been rendered in whole or in a large part in connection with the preparation of the report to the public utilities commission of the city of Denver. The court also found that said action was not barred by the statute of limitations and its finding in that regard is not assailed upon this appeal.

[1] The sole question presented upon this appeal is as to whether the evidence in the case, taken as a whole, sustains the foregoing finding on the part of the trial court. Looking to the terms of the telegram sent by the defendant Kluegel to Shirley Houghton on December 29, 1916, it would appear that the total claim of said Houghton for his labor and expenditures in the preparation of the report, which with the defendant Kluegel's co-operation he had prepared

and presented to said public utilities commission, was the sum of $8,886, from which the said commission proposed to make deductions amounting to $5,049, leaving the sum of $3,837 for which the commission was willing to issue its warrant. The defendant, Kluegel, was apparently anxious to make a settlement on this basis if he could not by further negotiation procure better terms. But this basis of settlement would apparently cause a loss to his employer approximately two-thirds of his claim. The defendant, Kluegel, for reasons which we will discuss hereafter, was willing to share some portion of this loss with his employer and hence made the offer to do so by returning to his employer the sum of $1,500 theretofore received by him as salary during the prosecution of the work of preparing said report. As we view this telegram of Kluegel's it amounted to an offer to do just that thing as an inducement to said Houghton to accept, at considerable loss to himself, the terms of settlement proposed by the public utilities commission. As to the consideration for such an offer, viewed from the standpoint of Shirley Houghton, it would seem to be ample, since it would, if complied with, reduce his loss by an amount of about one-third of its total sum in the event of his acceptance of the offered compromise of his claim. Viewed from the standpoint of the defendant the record is not so clear as to his motives in making said offer, or as to the benefit to be derived by him from his employer's acceptance of the same. His own explanation of his expected benefit to be ultimately derived from his present sacrifice is plausible and would in our opinion supply a sufficient legal consideration for his offer. He states that at the time of making it he expected to remain in the employ of Shirley Houghton in the doing of other construction work, and he states in substance that he believed that his said offer to share with his employer the loss venture would induce a continuance of the relationship between them. It was only when he was disappointed in this expectation that he concluded that his offer was not binding upon him. We are of the opinion that a consideration by the defendant's definite offer was fully shown and that its acceptance on the part of the plaintiff's assignor constituted a binding contract between the parties which the plaintiff herein was entitled to enforce in the present action.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition to have the above-entitled cause heard and determined by this court after judgment in the district court of appeal is denied.

We do not, however, approve what is said in the opinion of that court as to the consideration for defendant's promise. The detriment suffered by plaintiff in accepting $5,049 less than the sum he claimed to be due him was sufficient consideration for defendant's promise to repay him $1,500. (Civ. Code, sec. 1605.)

Wilbur, C. J., Lennon, J., Seawell, J., Kerrigan, J., and Myers, J., concurred.